**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON ZHANG GAO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> DOE, Warden, ) <br> ) <br> Respondent. ) <br> ) | Case No.: 1:19-cv-01066-SKO (HC) <br><br> ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO FILE A SECOND AMENDED PETITION <br><br> [THIRTY DAY DEADLINE] |

Petitioner filed a federal habeas petition in the United States District Court for the Northern District of California on June 6, 2019. (Doc. 1.) On July 30, 2019, the Court determined venue was proper in the Eastern District and transferred the case to this district. (Doc. 7.)

A preliminary screening of the petition revealed that the petition failed to present any cognizable grounds for relief. Thus, on August 13, 2019, the Court dismissed the petition with leave to file a First Amended Petition. (Doc. 11.) On August 28, 2019, Petitioner filed a First Amended Petition. (Doc. 13.) For the same reasons as before, the petition fails to state a cognizable claim. Therefore, the Court will DISMISS the petition with leave to file a Second Amended Petition.

///

///

///

1

**I.      DISCUSSION**

     A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

     B.  Failure to State a Cognizable Federal Claim

As discussed in the previous order of August 13, 2019, 28 U.S.C. § 2254(a) requires that a state habeas petition be entertained "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." To succeed in a petition pursuant to 28 U.S.C. § 2254, the petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The First Amended Petition suffers from the same deficiencies identified in the original petition. Petitioner presents one claim for relief. He alleges the California Department of Corrections and Rehabilitation ("CDCR") violated his due process and jury trial rights by finding his offense was "violent" rather than "serious," thereby increasing his mandatory minimum sentence. Once again, Petitioner fails to provide any supporting facts. He provides no specifics on his conviction and

sentence. He provides no details on the CDCR's action that is the basis for his complaint, other than stating it was an administrative decision that took place on August 22, 2018, during the course of an administrative appeal. He does not provide a copy of the administrative decision or demonstrate how the decision violated his right to trial and due process rights. Finally, he fails to show how the state court's rejection of his claim was contrary to, or an unreasonable application of, controlling Supreme Court authority. The petition fails to present a cognizable claim for relief and must be dismissed.

Petitioner will be granted an opportunity to file a Second Amended Petition. Insofar as the Court has already outlined the deficiencies in the petition in its prior screening order, and Petitioner has filed essentially the same petition with the same deficiencies, the Second Amended Petition will be his final opportunity to state a cognizable claim. Petitioner is advised that he should entitle his pleading, "Second Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in a recommendation that the action be dismissed with prejudice.

**II.     ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The First Amended Petition is DISMISSED WITHOUT PREJUDICE for failure to state a claim; and
2) Petitioner is GRANTED thirty days from the date of service of this order to file a Second Amended Petition.

IT IS SO ORDERED.

Dated:     **September 5, 2019**                          /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE