| | |
|---|---|
| JASON ZHANG GAO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CORRECTIONAL INSTITUTE,<br><br>Respondent. | No. 1:19-cv-01066-DAD-SKO (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY</u><br><br>(Doc. No. 15) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner Jason Zhang Gao is a parolee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 13.) The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 23, 2019, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be denied for failure to state a claim and for failure to comply with a court order directing him to file a second amended petition addressing the previously not deficiencies in his previously filed petitions. (Doc. No. 15.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were

/////

/////

1

to be filed within ten (10) days after service. (*Id.*) To date, no objections to those findings and recommendations have been filed by petitioner.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Finally, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* at (c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

For the reasons set forth above,

1. The October 23, 2019 findings and recommendations (Doc. No. 15) are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 13) is denied;

/////

---

[1] Five days after the pending findings and recommendations were issued and served on petitioner at his P.O. Box at California Correctional Institution, petitioner filed a notice of change of address as a result of him being granted parole . (*See* Doc. No. 16.) Thereafter, the court reserved petitioner with the pending findings and recommendations and anther order at his updated address of record. Neither the reserved findings and recommendations nor the court's subsequent order have been returned to the court as undeliverable.

3. The Clerk of the Court is directed to close this case; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __**March 30, 2020**__  _____
UNITED STATES DISTRICT JUDGE